IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M.D., by and through his next friend, MEGAN R., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-1100 |
| KLEIN INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT

### I.     INTRODUCTION

1. This is a civil action brought pursuant to 20 U.S.C. § 1415(i) to appeal and to obtain a reversal of an erroneous decision (the "Decision," attached as Exhibit A) by a hearing officer in an administrative proceeding. This action also seeks attorneys' fees for time spent in representing Plaintiff in the proceeding below and in litigating the instant Complaint.

### II.     JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415, 28 U.S.C. §§ 1331 and 1343.

3. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that give rise to this Complaint occurred in this district.

### III. PARTIES

4. Plaintiff M.D. is a thirteen-year-old student with disabilities who lives in or around Klein, Texas. He resides within the geographical area served by the Klein Independent School District ("KISD").

5. Defendant KISD is a duly incorporated Independent School District located in Harris County, Texas. KISD is the resident school district for M.D. and is responsible for providing him with a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA").

### IV. STATEMENT OF FACTS

6. Plaintiff M.D. is a thirteen-year-old student who attended the Klein Independent School District ("KISD") for his seventh grade year during the 2024-2025 school year. KISD recognized his eligibility for special education under the eligibility category of Emotional Disturbance.

7. Plaintiff's Individualized Education Program ("IEP")—the program designed by KISD to structure the special education program for Plaintiff—called for him to receive instruction and services in KISD's Behavior Academic and Social Emotional ("BASE") program—a program for students who "need extra support in the classroom for behavior needs, social-emotional needs, and academic needs."

8. KISD's school psychologist conducted a Functional Behavioral Assessment ("FBA") of Plaintiff in which she determined that Plaintiff showed poor compliance with adult directives, poor tolerance of frustration, and poor tolerance of peer interactions. He demonstrated these manifestations of his Emotional Disturbance by showing dysregulation and

avoidance behaviors. Plaintiff's school records demonstrated these behavioral difficulties as well.

9. However, Plaintiff also demonstrated physical aggression and verbal aggression in response to adult directives, thus showing aggressive behaviors in response to the same antecedents that would sometimes prompt avoidance behaviors. Physical aggression had been noted as a behavior in Plaintiff's school records for years, since as early as 2020 all the way through 2024.

10. On September 26, 2024, KISD personnel alleged that Plaintiff was upset because of having to take a test and was throwing things around the classroom. KISD personnel also alleged that he threw desks and punched a touch board. The teacher of the BASE classroom also alleged that Plaintiff pushed and shoved her out of the way as he was leaving the classroom. In fact, Plaintiff was merely seeking to elope from the classroom and avoid the situation at hand. The teacher was blocking his ability to exit the classroom.

11. KISD determined to expel Plaintiff for this alleged incident of physical aggression. KISD indicated that the only basis for this determination was Plaintiff's act in pushing past the teacher to exit the BASE classroom.

12. In an October 22, 2024, Manifestation Determination Review ("MDR") meeting—designed to determine whether the incident was a manifestation of, or substantially related to, Plaintiff's disability or whether the incident was a direct result of KISD's failure to implement Plaintiff's IEP—was held. The MDR Committee determined that the incident was not a manifestation of Plaintiff's disability and not a direct result of KISD's failure to implement Plaintiff's IEP.

13. On October 25, 2024, the KISD Executive Director of Student Services modified the discipline imposed on Plaintiff from an expulsion to a 45-day placement in a Disciplinary Alternative Education Program ("DAEP").

14. In light of the foregoing, Plaintiff filed an administrative due process complaint under 20 U.S.C. § 1415, complaining that KISD imposed an impermissible placement on Plaintiff in the DAEP in light of the fact that the behavior at issue was, in fact, a manifestation of his disability. The parties participated in an administrative hearing on November 19, 2024. The hearing officer rendered a decision on December 10, 2024, denying Plaintiff the relief he requested. Because this decision was erroneous, Plaintiff appeals to this Court.

## FIRST CAUSE OF ACTION (IDEA)

15. Plaintiff incorporates by reference paragraphs 1-14 of this Complaint.

16. The administrative hearing officer erred in denying Plaintiff the relief he requested.

17. Plaintiff hereby appeals the decision of the administrative hearing officer pursuant to 20 U.S.C. § 1415(i).

18. Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the full relief sought by Plaintiff in the underlying administrative proceeding, including, but not limited to, reversal of the DAEP placement determination.

19. Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiff is entitled to reasonable attorneys' fees, if he prevails in the current litigation, and thus requests such fees as well.

## PRAYER

Plaintiff seeks reversal of the administrative hearing officer's decision and an order requiring Defendant to provide the remedies sought in Plaintiff's underlying administrative due process complaint and listed in the Hearing Officer's Decision attached as Exhibit A, including,

but not limited to, reversal of the DAEP placement determination, and for Plaintiff's reasonable and necessary attorneys' fees.

DATED: March 9, 2025                              Respectfully Submitted,


                                              ___/s/ Mark Whitburn_____
                                              Mark Whitburn
                                              State Bar No. 24042144
                                              Whitburn & Pevsner, PLLC
                                              2000 E. Lamar Blvd., Suite 600
                                              Arlington, Texas 76006
                                              Tel: (817) 653-4547
                                              Fax: (817) 653-4477
                                              mwhitburn@whitburnpevsner.com